This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEX ICO,**

Plaintiff-Appellee,

v.                                                               **No. A-1-CA-36201**

**EMERSON HAPPY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals from the district court's judgment, sentence, order partially

suspending sentence, and commitment, convicting him following a jury trial on one

count of battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971). This Court issued a notice of proposed disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}    Defendant raises a single issue on appeal, contending that there was insufficient evidence to support his conviction. [DS 3-4] In our calendar notice, we observed that Defendant had not pointed to any particular element on which he believed there was insufficient evidence presented at trial. [CN 3] We then noted that it appeared from the docketing statement that evidence was presented at trial, through the testimony of Officer Sean Eckstein and Officer Jorge Rodriguez, to the effect that: (1) Officer Eckstein was on duty at the San Juan County Detention Center, wearing his issued uniform with badge insignia; (2) Officer Eckstein was performing duties in the booking area of the detention center, including processing individuals in and out of the detention center; (3) Defendant was being processed into the facility, and became agitated at some point during the intake process; (4) Officer Eckstein and Officer Rodriguez took Defendant to the "cage," a smaller enclosed area within the booking area in order to calm him down; (5) the officers had Defendant sit down in the "cage" and attempted to handcuff him to the seat; (6) Defendant abruptly stood up, knocking

2

his shoulder ("shoulder[-]checking") into Officer Eckstein; (7) Defendant then grabbed Officer Eckstein around the waist and picked him up; (8) Officer Eckstein punched Defendant twice to free himself; and (9) additional officers responded and separated Defendant and Officer Eckstein. [CN 3-4] There also appeared to have been video evidence admitted at trial, although the docketing statement indicated that the video primarily showed individuals' backs. [CN 4]

{3}     Applying our standard of review, we proposed to conclude that the evidence presented at trial was sufficient to support the jury's finding of guilty. [CN 4] *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."); *see also id.* ("The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (alteration, internal quotation marks, and citation omitted)).

{4}     Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary

calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant has clarified his argument, contending that the evidence presented at trial was insufficient to support a finding that Defendant's conduct caused an actual threat to the safety of Officer Eckstein or a meaningful challenge to Officer Eckstein's authority. [MIO 3-4]

{5}     According to *State v. Padilla*, 1997-NMSC-022, ¶ 11, 123 N.M. 216, 937 P.2d 492, violation of Section 30-22-24 requires "proof of injury or conduct that threatens an officer's safety or meaningfully challenges his or her authority[.]" *Padilla*, 1997-NMSC-022, ¶ 11. There is no question that the jury was instructed on this element. [*See* RP 71; MIO 3] The question is whether there was sufficient evidence adduced at trial to support this element.

{6}     We conclude that the evidence in this case is sufficient. As described above, there was testimony that while Officer Eckstein was attempting to handcuff Defendant in the "cage," Defendant abruptly stood up, knocking his shoulder into Officer Eckstein, and then grabbed Officer Eckstein around the waist and picked him up. Officer Eckstein was only able to free himself from Defendant's grasp by punching Defendant twice, and other officers had to separate the two. On these facts, viewed in the light most favorable to the guilty verdict, the jury could have found beyond a

reasonable doubt that Defendant's actions constituted an actual threat to Officer Eckstein's safety or a meaningful challenge to Officer Eckstein's authority.

{7}      Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

{8}      **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Judge**

**HENRY M. BOHNHOFF, Judge**

5